UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00050-MOC-DSC

| | | |
|---|---|---|
| **MARY HAGGINS,** | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **MICHAEL TARWATER, et al.** | ) | |
| | ) | |
| Defendant(s). | ) | |

**THIS MATTER** is before the court on defendants' Motion for Entry of a Pre-Filing Injunction Against the Plaintiff (#3).

The All Writs Act, 28 U.S.C. § 1651(a) (2000), permits a federal court to restrict access to the courts where it is shown that a litigant is abusing that right through the repeat filing of vexatious and malicious complaints. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812 (4th Cir. 2004). District courts have inherent power to control the judicial process and to redress conduct that abuses that process, Silvestri v. General Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001) (citation omitted), and there are no exceptions for pro se litigants. Armstrong v. Koury Corp., 16 F. Supp. 2d 616, 620 (M.D.N.C. 1998). Limiting a *pro se* litigant's free access to the courts should be approached cautiously and restrictions imposed only if "exigent circumstances" exist, such as continuous abuse of the judicial process by filing meritless and repetitive actions. Cromer, 390 F.3d 812 at 818. In Cromer, the Court of Appeals for the Fourth Circuit has provided a four-part test for determining whether to impose restrictions on a litigant's access to the courts, and a court must:

> weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Id. As plaintiff is proceeding *pro se,* the court will provide plaintiff with notice, an opportunity to be heard, and advice on the manner in which she may respond. Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975); Larrimore v. Williamson, 288 Fed. App'x. 62, 63 (4th Cir. 2008) (unpublished).

## ADVICE AS TO THE NATURE OF THE RELIEF SOUGHT

Plaintiff is advised that defendants seek imposition of a pre-filing injunction against her, which is intended to limit plaintiff's ability to file additional lawsuits against them. Defendants claim that exigent circumstances exist to merit such relief and have identified a number of lawsuits filed by plaintiff in which plaintiff seeks to re-litigate issues that were resolved by this court in 2009. Plaintiff is advised that if such relief is granted, she would be prohibited, without first receiving permission from this court, from filing lawsuits against these defendants in any court, state or federal in the future. Plaintiff is advised that unfettered access to the courts is a substantial right, that the relief sought would restrict that right, and that she has an opportunity to respond to such motion both in writing and in person at a hearing. Finally, plaintiff is advised that she has a right to retain counsel and be represented by that attorney at the hearing.

Having considered defendants' motion and reviewed the pleadings, the court enters the following Order.

# ORDER

**IT IS, THEREFORE, ORDERED** that defendants' Motion for Entry of a Pre-Filing Injunction Against the Plaintiff (#3) is **CALENDARED** for hearing on March 20, 2013, at a time to be Noticed by the Clerk of Court.

Signed: March 11, 2013

Max O. Cogburn Jr.
United States District Judge