UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00050-MOC-DSC

| | | |
|---|---|---|
| **MARY HAGGINS,** | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **MICHAEL TARWATER, et al.** | ) | |
| | ) | |
| Defendant(s). | ) | |

**THIS MATTER** is before the court on defendants' Motion to Dismiss (#2) and Motion for Entry of a Pre-Filing Injunction Against the Plaintiff (#3).

The All Writs Act, 28 U.S.C. § 1651(a) (2000), permits a federal court to restrict access to the courts where it is shown that a litigant is abusing that right through the repeat filing of vexatious and malicious complaints. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812 (4th Cir. 2004). District courts have inherent power to control the judicial process and to redress conduct that abuses that process, Silvestri v. General Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001) (citation omitted), and there are no exceptions for pro se litigants. Armstrong v. Koury Corp., 16 F. Supp. 2d 616, 620 (M.D.N.C. 1998). Limiting a *pro se* litigant's free access to the courts should be approached cautiously and restrictions imposed only if "exigent circumstances" exist, such as continuous abuse of the judicial process by filing meritless and repetitive actions. Cromer, 390 F.3d 812 at 818. In Cromer, the Court of Appeals for the Fourth Circuit has provided a four-part test for determining whether to impose restrictions on a litigant's access to the courts, and a court must:

> weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2)

> whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Id.

As plaintiff is proceeding *pro se,* the court calendared a hearing of defendants' motion and provided her notice of such hearing, an opportunity to be heard, and advice on the manner in which she may respond. Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975); Larrimore v. Williamson, 288 Fed. App'x. 62, 63 (4th Cir. 2008) (unpublished). Specifically, the court advised plaintiff that

> defendants seek imposition of a pre-filing injunction against her, which is intended to limit plaintiff's ability to file additional lawsuits against them. Defendants claim that exigent circumstances exist to merit such relief and have identified a number of lawsuits filed by plaintiff in which plaintiff seeks to re-litigate issues that were resolved by this court in 2009. Plaintiff is advised that if such relief is granted, she would be prohibited, without first receiving permission from this court, from filing lawsuits against these defendants in any court, state or federal in the future. Plaintiff is advised that unfettered access to the courts is a substantial right, that the relief sought would restrict that right, and that she has an opportunity to respond to such motion both in writing and in person at a hearing. Finally, plaintiff is advised that she has a right to retain counsel and be represented by that attorney at the hearing.

Amended Order (#7). The court waited some 20 minutes from the time such hearing was scheduled, but plaintiff failed to appear. The court will conduct the evaluation provided by the caselaw.

First, plaintiff has a history of filing "vexatious, harassing, or duplicative lawsuits" against the Defendants. Id. The instant action is plaintiff's third against CMHA and is Plaintiff's second against Dennis Phillips and Michael Tarwater. Each action filed by the Plaintiff arises out of the same transaction or core of operative facts. The multiplicity and vexatious duplicity of plaintiff's lawsuits are abundantly clear, given that one of the grounds for this court's dismissal

2

of plaintiff's Second Action was res judicata. Two dismissals by this court each explaining the lack of merit in plaintiff's cases has not deterred her from filing suit repeatedly regarding essentially the same issues. Thus, the first Cromer factor weighs in favor of the imposition of a pre-filing injunction upon the Plaintiff.

Second, the plaintiff does not have "a good faith basis for pursuing the litigation." Id. Plaintiff has now been told twice by this court that her grievances have no legal merit. The instant action is another attempt by the Plaintiff to re-litigate claims that have already been adjudicated. She has no good faith basis for believing claims that are frivolous will change simply because she files them repeatedly. The Second Action demonstrates plaintiff's lack of a good faith basis for pursuing the litigation, because, there, she failed to file a responsive pleading to defendants' Motion to Dismiss even after she received a Roseboro notice. The court concludes that plaintiff is litigating for reasons other than good faith. The second Cromer factor weighs in favor of the imposition of a pre-filing injunction.

Third, plaintiff's filings significantly burden the courts and the defendants. Id. While the court accepts its burden of separating wheat from ever increasing chaff, such practices of litigants strain the limited resources of the court system and, more importantly, require private litigants to expend their own resources in unnecessarily defending vexatious litigation. Likewise, it is readily apparent that plaintiff is using the state court system in an attempt to circumvent the final resolution of her case by this court. The limited resources of this court and of the state court system should not be further spent dealing with any future frivolous lawsuits filed by plaintiff against CMHA, or any agent, employee or assignee of CMHA. In both the instant action and the Second Action, CMHA filed a notice of removal and thus, was required to

pay the $350.00 filing fee in this court. The third Cromer factor weighs in favor of the imposition of a pre-filing injunction upon the Plaintiff.

Fourth, alternative sanctions against this Plaintiff are inadequate. Id. Plaintiff has not accepted the finality of this court's earlier orders regarding the merits of her claims. Only an order of this court will restrain her from continuing to abuse the judicial system. As proffered by defendants at the hearing, the court accepts that plaintiff possesses limited economic means, as demonstrated by the fact that this court granted her in forma pauperis status in the First Action. Thus, it is unlikely that the plaintiff could afford to pay a monetary fine or to pay the fees of CMHA's attorneys. Rather, the most judicious, measured and efficient way to avoid the expenditure of further resources adjudicating plaintiff's meritless claims against the defendants would be to enter the proposed injunction prohibiting her from filing further lawsuits without first receiving leave of this court. The fourth Cromer factor weighs in favor of the imposition of a prefiling injunction upon the plaintiff.

## CONCLUSION

Each Cromer factor weighs in favor of the imposition of a prefiling injunction upon the plaintiff. Even with such factors being satisifed, the court recognizes that the imposition of a pre-filing injunction should be approached cautiously and restrictions should be imposed only if "exigent circumstances" exist, such as continuous abuse of the judicial process by filing meritless and repetitive actions. Id. at 818. "Exigent circumstances" here exist meriting such relief as plaintiff continues to abuse the judicial process by filing meritless and repetitive actions in federal and state courts. There is no indication that plaintiff's pattern of filing meritless and repetitive actions will cease in the future and her failure to appear at the hearing indicates to this court that not only is plaintiff noncompliant with instructions of this court, she is unwilling to

defend why she continues to be noncompliant. Finally, the court finds as did the court in Armstrong, supra, that to be effective, such injuction must also extend to state court "[g]iven Plaintiff's propensity to prance between the state and federal systems …." Id. at 621 (citation omitted); see also Gordon v. United States Dep't of Justice, 558 F.2d 618 (1st Cir.1977) (enjoining any legal proceeding in any court).

The pre-filing injunction will, therefore, be entered.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendants' Motion for Entry of a Pre-Filing Injunction Against the Plaintiff (#3) is GRANTED, and a the following injunction is **ENTERED:** Plaintiff, and/or anyone acting on her behalf, are **ENJOINED** from filing any action in any court, state or federal, against CMHA, or any agent, employee or assignee of CMHA, without first obtaining leave of this court. In the event that plaintiff succeeds in filing papers in violation of this Order, upon such notice, the clerk of court will, under authority of this court, immediately and summarily strike the pleading or filings; and

**IT IS FURTHER ORDERED** that defendants' Motion to Dismiss (#2) is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE** in accordance with Rule 12(b)(6) as barred by the doctrine of *res judicata*, as such claims were previously resolved in Haggins v. Carolinas Medical Center-Mercy, No. 3:09-CV-78-GCM, 2010 WL 1380310 (W.D.N.C. March 29, 2010).

## ADVICE TO PLAINTIFF

Plaintiff is advised that any filing that is made in violation of this Order may be punishable as a contempt of this court and could result in sanctions, that could include

imprisonment. Plaintiff is advised that any future action in any state or federal court must be approved by the undersigned in advance of such filing. This means that she must file a "Motion for Approval of Filing" in this court as a miscellaneous matter and explain in that motion the reasons why she desires to file the new proceeding and the reasons she believes such is not barred by this Order and the previous Orders of this court. Any such motion must be signed under penalty of perjury. In addition, plaintiff must attach a copy of any proposed complaint or other filing as an exhibit to such document. The court will determine any such request ex parte. Plaintiff is advised in advance that abuses of such protective process could also be considered a violation of this court's injunction.

*The Clerk of Court is directed to refer any and all Complaints, motions, inquiries, letters, requests, removals, or transfers that involve both the plaintiff and any of these defendants to the undersigned for in chambers review prior to opening a civil action. For tracking purposes, such may be assigned a miscellaneous number or other identifier in the sound discretion of the Clerk of Court.*

Signed: March 29, 2013

Max O. Cogburn Jr.
United States District Judge